# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMARA MILLER, | : | |
| *For N.M., a Minor* | : | |
|     *Plaintiff,* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NANCY BERRYHILL, | : | |
| *Acting Commissioner of Social Security,* | : | No. 17-4789 |
|     *Defendant.* | : | |

## MEMORANDUM

PRATTER, J.                                                                                           July 22, 2019

Tamara Miller, on behalf of her minor daughter N.M., seeks review, pursuant to 42 U.S.C. § 405(g), of an administrative law judge's decision that N.M. no longer qualifies for Supplemental Security Income and is not disabled under the Social Security Act.

After independent consideration of the Administrative Record, submitted pleadings, United States Magistrate Judge Strawbridge's Report and Recommendation, Ms. Miller's Objections to the Magistrate's Report and Recommendations (Objections), and the Commissioners' Response to the Objections (Response), the Court adopts in full the Report and Recommendation, as set forth below.

### BACKGROUND AND PROCEDURAL HISTORY

N.M. was born in 2005. In 2010, when she was four-years old, N.M. was diagnosed with leukemia and began collecting social security disability benefits. N.M.'s benefits were terminated in July 2014 based upon a May 8, 2014 determination. On N.M's behalf, Tamara Miller requested a hearing before an ALJ, which was held on April 14, 2016. The ALJ issued a decision unfavorable to N.M. An Appeals Council denied Ms. Miller's request for review on August 25, 2017. Ms. Miller then filed this civil action on behalf of N.M. On

1

May 23, 2019, the magistrate judge issued his R&R that Ms. Miller's request for review be denied. Ms. Miller filed timely objections to the R&R.

## LEGAL STANDARD

The Court reviews *de novo* "those portions of the Magistrate Judge's R&R to which [the claimant] has objected." Hirschfeld v. Apfel, 159 F. Supp. 2d 802, 806 (E.D. Pa. 2001) (citing 28 U.S.C. § 636(b)(1)(C)). The Court "may accept, reject, or modify, in whole or in part, the findings and recommendations" made by the magistrate judge. Id.

## DISCUSSION

Ms. Miller raises three objections to the R&R:

First, Ms. Miller objects to the R&R's conclusion that "the ALJ provided substantial evidence to support her determination that N.M. had medically improved and that she was less than 'markedly' limited in several domains of functioning pertinent to the functional equivalence evaluation." See Objections at 2 (citing R&R at 17).

Second, Ms. Miller objects to the conclusion that "although the ALJ erred in her evaluation of N.M.'s ability to acquire and use information, we are convinced that the error was harmless as N.M. cannot meet the requisite criteria of disability by establishing two 'marked' limitations or one 'extreme' limitation." Id.

Third, Ms. Miller objects to the conclusion that "the ALJ was not required to obtain review by a mental health expert in this case." Id. at 3 (citing R&R at 17).

The Court addresses each objection in turn.

2

### A. Substantial Evidence to Support Medical Improvement and Functional Equivalence Evaluation

The R&R properly determined that the ALJ relied on substantial evidence in deciding whether N.M. is still disabled.[1] According to Ms. Miller, although N.M.'s leukemia itself improved, N.M.'s leukemia and resultant treatment caused "lasting deficits and other severe impairments that persisted at the time of the ALJ's decision[.]" Objections at 2. The ALJ determined that N.M.'s leukemia, which previously met § 113.06A of the listed impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, had medically improved as of May 1, 2014 in that the leukemia had been in remission for four years. R&R at 6 (citing R. 85). To determine whether N.M. is still disabled, the ALJ was required to decide whether the "child's impairment or combination or impairments meets, medically equals, or functionally equals the severity of a listed impairment," 20 C.F.R. § 416.924(d), by analyzing the six broad domains of functioning. 20 C.F.R. § 416.926a(b)(1)(i–vi).[2] Ms. Miller contends that the ALJ erred by failing to consider N.M.'s impairments in the six domains, arguing that "the ALJ's findings that N.M. did not have marked limitations in any domain of functioning [is] not supported by substantial evidence." Objections at 2. As a result—according to Ms. Miller— it was error for the R&R to adopt the ALJ's decision, including the ALJ's findings that N.M.'s impairments impose less than "marked" limitations in the domains of (1) attending and completing tasks and (2) health and physical well-being. R&R at 6–12; see also § 416.926a(b)(1)(i-ii),(vi).

---

[1] The Report and Recommendation identifies the standard for substantial evidence. See R&R at 4. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003). It is "more than a mere scintilla but may be somewhat less than a preponderance of evidence." Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).

[2] The six domains of functioning are (1) Acquiring and using information, (2) Attending and completing tasks, (3) Interacting and relating with others, (4) Moving about and manipulating objects, (5) Caring for yourself, and (6) Health and Physical well-being.

3

But, in deciding that N.M. had less than "marked" limitations in the two challenged domains,[3] the ALJ's conclusions were supported by various credible sources of information.

The ALJ's conclusion that N.M. was less than "markedly" limited in the attending and completing tasks domain is supported by substantial evidence. The ALJ considered—but only ascribed partial weight to— the reports and opinions of N.M.'s teachers, see R&R at 7 ("There is little evidence that the claimant's staring seizures have significantly affected her school performance, as her teachers have not offered any description of the frequency at which these occur in school, if at all."), and treating nurse, see id. at 8 ("Ms. Green-Roethke, noted in March 2016 that N.M. continued to have staring seizures that are unresponsive to medical management thus far."). The R&R also emphasized N.M.'s own testimony at the administrative hearing, which reflected that she "had had only one staring seizure in the previous school year, and none in the (then) current school year." Id. at 9. Furthermore, as recognized in the R&R, the ALJ considered and made determinations consistent with reports or evaluations by (1) state agency psychologist Dr. Karen Weitzner, (2) state agency physician Dr. Varsha Lift, and (3) Dr. Vrajlal Popat. Doctors Weitzner and Lift agreed that N.M. had a marked limitation in the domain of acquiring and using information, but **less than marked limitation or no limitation in all other domains**. Id.; see also id. at 4. Dr. Popat found that N.M. had a less than "marked" limitation in only the domain of health and physical well-being, and **no limitation in any other domain**. Id. at 4. Because the ALJ's findings were consistent with reports by three licensed doctors and properly afforded less weight to teacher reports, they are supported by substantial evidence. See Clark v. Astrue, No. 12-3781, 2013 WL 2036662, at *1 (E.D. Pa. Mar. 11, 2013) (holding that the "ALJ also reasonably

---

[3] The acquire and use information domain is discussed in "ALJ's Evaluation of the Acquire and Use Information Domain Was a Harmless Error" section because the R&R concluded the ALJ's determination was not supported by substantial evidence.

discredited [other's] testimony about the severity and functionally limiting effects of her symptoms because it conflicted with objective medical evidence").

The ALJ's conclusion that N.M. was less than "markedly" limited in the health and physical well-being domain is also supported by substantial evidence. The ALJ accurately observed that "[t]he claimant still experiences staring seizures. She has had migraine headaches, a disorder that is helped by her medication. Her leukemia has been in remission [for four years]." R&R at 10. The ALJ also stated that "at a physical examination on April 9, 2014, [N.M] was generally healthy and [h]er treating nurse noted that her last major seizure was in June 2011 after she had missed a dose of medication." Id. (citations omitted). This, and other evidence—such as Ms. Miller's approval of her daughter's progress and N.M.'s ability to treat her occasional headaches—all supported that N.M.'s limited impairment did not cause a "marked" limitation in her well-being. See id. at 11–12.

Finally, the magistrate judge did not find the ALJ's lack of discussion on N.M's other health conditions to be significant enough to change her determination of no "marked" limitation relating to physical and mental. Id. at 12. An ALJ cannot substitute his or her own judgment of medical conditions for the objective medical evidence. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) ("ALJ improperly substituted her own judgment in place of the medical evidence, particularly [the] treating physician . . ."). Because the ALJ's conclusion that N.M. is less than "markedly" limited in the health and physical well-being domain was consistent with objective medical evidence from psychologists and physicians, see e.g., id. at 4 (stating that Dr. Popat found that N.M. had a less than "marked" limitation in the domain of health and physical well-being), the decision was supported by substantial evidence.

In the R&R, the magistrate judge found, and this Court agrees, that the evidence above constitutes substantial evidence in support of the ALJ's decision. A "reasonable mind might

accept[,] as adequate to support a conclusion[,]" the reports and opinion of doctors and nurses involved with N.M. as well as N.M.'s own testimony. Richardson v. Perales, 402 U.S. 389, 401 (1971). This Court concludes that the ALJ's determinations, namely that N.M.'s medical condition medically improved and that she was less than "markedly" limited in several domains of functioning pertinent to the functional equivalence evaluation, are supported by substantial evidence.

### B. ALJ's Evaluation of the Acquire and Use Information Domain Was a Harmless Error

The Court also agrees with the R&R that the ALJ's improper evaluation of the acquire and use information domain was a harmless error. According to Ms. Miller, the ALJ's faulty analysis of determining no "marked" limitation in the acquire and use information domain is significant. Objections at 2. The R&R found that the "ALJ failed to provide substantial evidence to support her finding that N.M. had less than a 'marked' limitation in the domain of acquiring and using information." R&R at 12–13. According to the R&R, the ALJ failed to acknowledge "other information in [the] case record" that demonstrated that N.M.'s functioning in the domain of acquiring and using information was seriously limited, such as the fact she was achieving below average results even in a special education curriculum. See id. at 13–14. However, in the R&R the magistrate judge concluded the error was harmless because the record does not support that N.M. was "extremely" limited in this domain, and that N.M. has not established two "marked" limitations or one "extreme" limitation. Id. at 13.

To establish disability based on functional equivalence to a listing-level impairment, 20 C.F.R. Part 404, Subpart P, Appendix 1, N.M. was required to prove that she is "markedly" limited in two domains of functioning or "extremely" limited in one domain. R&R at 15; see also Cosby v. Comm'r of Soc. Sec., 231 F. App'x 140, 146 (3d Cir. 2007) ("[A]n impairment functionally equals a listed impairment if the child has 'marked' limitations in two domains of functioning or

6

an 'extreme' limitation in one domain.") (citing 20 C.F.R. § 416.926(a)). Even if the ALJ had—according to the R&R—properly found a "marked" limitation in the acquire and use information domain, N.M. would have only been determined to have a "marked" limitation in one domain. A "marked" limitation in only one domain, without any "extremely" limited domains, does not reach the required threshold. See id.

Ms. Miller raises the objection that the ALJ erred in concluding the attending and completing tasks was less than "markedly" limited. Ms. Miller then contends N.M. was "markedly" limited in two domains and met the criteria for disability. Objections at 3. However, as discussed above, the R&R properly held that substantial evidence supported the ALJ's determination that N.M. is less than "markedly" limited in the "attending and completing tasks" domain. Therefore, the R&R correctly determined that any error committed by the ALJ in assessing the acquire and use information domain of was harmless.

### C. ALJ Was Required to Obtain Review by a Mental Health Expert

The R&R properly concluded the ALJ was not required to obtain review by a mental health expert. According to Ms. Miller, the ALJ was required to obtain a mental health expert to consider the effects of N.M.'s impairments (migraines, thyroid disorder, cataracts, and vitamin D deficiency) and their combined impact on her residual functional capacity when determining limitations in the health and physical well-being domain. See Objections at 3. The R&R identifies the three circumstances in which the ALJ should consult medical opinions. R&R at 16. The Court agrees with the R&R that "[n]ot one of these situations was present so as to trigger the ALJ's duty to obtain a mental health review." Id.

Social Security Ruling 96-6p identifies the policy regarding the consideration of medical opinions and the ALJ's responsibility for obtaining medical opinions regarding equivalence to listings in the Listing of Impairments. See SSR 96-6p, 1996 WL 374180 at 1. The three situations

7

are: (1) before a decision of disability based on medical equivalence can be made; (2) when no additional medical evidence is received and the ALJ determines that the evidence suggests that a judgment of equivalence may be reasonable; and (3) when additional medical evidence is received and the ALJ determines that it may change the state agency consultant's findings that the impairment is not equivalent to a listed impairment. Id. Here, the ALJ (1) was not deciding on medical equivalence, (2) received additional medical evidence (two separate reports by Dr. Fink and Dr. Popat), and (3) was not presented with evidence by Ms. Miller that additional medical data may change the state agency consultant's findings. As a result, the R&R concluded, and the Court agrees, that none of the three listed situations apply to the case at hand. R&R at 16–17. The ALJ was not required to consult a medical health expert.

## CONCLUSION

For the foregoing reasons, Ms. Miller's three objections to the R&R are without merit. The Court will adopt the Report and Recommendation in full. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE